```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA

                         CHARLESTON


CHARLES TURNER,

        Movant,

v.                                    Case No. 2:08-cr-00142-1
                                      Case No. 2:10-cv-00787

UNITED STATES OF AMERICA,

        Respondent.
```

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed on June 3, 2010 (docket # 75).

Charles Turner (hereinafter "Defendant") is serving a 120 month sentence upon his guilty plea to distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). (Judgment in a Criminal Case, imposed April 10, 2009 and entered May 8, 2009, # 67.)  Defendant did not take a direct appeal.

Defendant's grounds for relief are as follows:

> Ground one: Petitioner's petition requires tolling due to unavoidable impe[]dence by the Bureau of Prisons and the Attorney General.

> Ground two: Trial counsel (Wright Blake) was ineffective by failing to advise Petitioner that he was a candidate for "career offender" determination and ultimate[ly] an enhanced sentence, prior to his plea by failing to disclose the effects of "relevant conduct/career offender" classification.

> Ground three: Petitioner's plea was involuntary and unintelligent because his retained attorney duped him into pleading guilty by promising him a five year sentence.

(# 75, at 3.)

Prior to 1996, a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was not subject to a specific time limitation with respect to filing of the motion. However, in 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996,(hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255.

The one-year period runs from the latest of one of four specified events:

> (1) the date on which the judgment on conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable to cases on review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Defendant's conviction became final on the eleventh day after the entry of the Judgment in a Criminal Case, or May 19, 2009, because he did not take a direct appeal. Rule 4(b), Federal Rules of Appellate Procedure. The one year period for filing a § 2255

motion expired on May 18, 2010.

The undersigned proposes that the presiding District Judge **FIND** that Defendant's conviction became final on or about May 19, 2009, when the time for filing a notice of appeal expired, and none of the other events specified in section 2255 apply in this case. Therefore, Defendant's time to file his section 2255 motion expired on or about May 18, 2010, and his petition is untimely, having been filed more than two weeks late.

Defendant recognizes that his Motion is late. His first ground for relief is that he contends that the "Bureau of Prisons procedurally 'prevented' petitioner from being able to file motion within the allowed 12 months, due to the fact that he was held in transit for a period of 53 days, without privileges to have access to his legal materials or the usage of a law library and he was without an attorney or funds to acquire an attorney during the course of the impediment imposed by the Bureau of Prisons." (# 75, at 5-6 n.1. Defendant argues that "if it had not been for the Bureau of Prisons impediment, then this 2255 motion would have been timely and due to this exceptional circumstances, this Court in fairness should acknowledge the facts and accord petitioner the requested relief, via tolling." Id. at 7.

Court staff has inquired as to the designation and custody of Defendant from the date of his sentencing until the present. Defendant was transported to FCI Beckley on June 3, 2009, where he

has remained to the present.  Accordingly, Defendant had more than 49 weeks at FCI Beckley in which to prepare and file his § 2255 motion on time.  The undersigned proposes that the presiding District Judge **FIND** that no exceptional circumstances exist to justify tolling the period of limitation.

It is respectfully **RECOMMENDED** that Defendant's § 2255 motion (# 75) be dismissed with prejudice as untimely.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a

waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the United States Attorney and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant and to transmit it to counsel of record.

September 2, 2010
      Date

/s/ Mary E. Stanley
Mary E. Stanley
United States Magistrate Judge