UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**CHARLES TURNER,**

    Movant

v.                                                  CIVIL ACTION NO. 2:10-0787
                                                     (Criminal No. 2:08-00142-01)

**UNITED STATES OF AMERICA,**

    Respondent

<u>MEMORANDUM OPINION AND ORDER</u>

Pending is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed June 3, 2010.

This action was previously referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to the court of her proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636.

Movant is presently serving a 120-month term of imprisonment following his guilty plea to distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The Judgment was entered May 8, 2009. Movant did not pursue a direct appeal. He now seeks relief pursuant to section 2255.

On September 2, 2010, the magistrate judge entered her proposed findings and recommendations ("PF&R").  She recommends that movant's motion be denied inasmuch as his conviction became final on May 19, 2009, and his request for relief is untimely pursuant to the one-year limitation period found in section 2255.

On September 15, 2010, movant objected.  Movant appears to assert that the one-year limitations period did not expire prior to the filing of his section 2255 motion and that, in any event, he should receive the benefit of equitable tolling.  Respecting the first contention, the version of Federal Rule of Appellate Procedure 4(b) in effect at the time the Judgment was entered provided as follows:

> (A) In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of:
>
> > (i) the entry of either the judgment or the order being appealed; or
>
> > (ii) the filing of the government's notice of appeal.

Fed. R. App. Proc. 4(b)(1) (2009).  Inasmuch as the United States did not notice an appeal, the magistrate judge correctly observes that movant's conviction became final on May 19, 2009.  Inasmuch further as movant's section 2255 motion was apparently delivered for mailing to prison authorities no later than June 1, 2010, and

that it is postmarked one day later, his section 2255 motion is untimely.[1]  The objection is meritless.

Respecting the second contention, the Supreme Court recently found the limitations period in section 2254 to be subject to equitable tolling.  See Holland v. Florida, 130 S. Ct. 2549, 2562 (2010).  Construing the analysis in Holland to apply as well to section 2255 motions, it is incumbent upon the movant to demonstrate that (1) he has diligently pursued his rights, and (2) some extraordinary circumstance prevented the timely filing of his section 2255 motion.  Id.

Movant offers only generalized contentions, which he collectively characterizes as "a quagmire of uncontrollable obstructions," that ostensibly prevented his timely filing. (Objecs. at 3).  These imprecise assertions do not approach the two-pronged showing required by Holland.  The objection is meritless.

Based upon a de novo review, and having found the objections meritless, the court adopts and incorporates herein the magistrate judge's proposed findings and recommendation.  It is ORDERED that movant's section 2255 motion be, and it hereby is, denied.

---

[1] The certificate of service attached to the section 2255 motion reflects the movant's signature with the handwritten date of "6-1-10" adjacent thereto.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the United States Magistrate Judge.

DATED: November 16, 2010

John T. Copenhaver, Jr.
United States District Judge